# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1961V
UNPUBLISHED

| | |
|---|---|
| MARA CORTER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master **Corcoran**<br>**Filed**: October 18, 2019<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Onset; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

**Summer Pope Abel**, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
**Sarah Christina Duncan**, U.S. Department of Justice, Washington, DC, for respondent.

## FINDINGS OF FACT[1]

On December 15, 2017, Mara Corter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of a flu vaccine administered on September 26, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

For the reasons discussed below, I find the onset of Petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination.

---

[1] This ruling will be posted on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Petitioner suffered symptoms manifested by pain immediately upon vaccination.

## I.  Relevant Procedural History

Petitioner filed most of her medical records on December 28, 2017. *See* Exhibits 1-5. During the January 25, 2018 initial status conference, Respondent's counsel identified potential missing records that could relate to the onset of Petitioner's alleged SIRVA. On March 12, 2018, Petitioner submitted additional medical records and an amended statement of completion. ECF Nos. 13 and 14. On September 7, 2018, Respondent reported that he had reviewed the records filed by Petitioner and determined that he had sufficient information to provide a recommendation. ECF No. 23. Respondent also noted that he was interested in pursuing settlement negotiations. *Id*.

However, after several months of negotiation, on May 14, 2019, Petitioner filed a status report stating that "after good-faith negotiations, the parties now agree that the Chief Special Master will need to rule on Petitioner's entitlement to vaccine compensation, particularly as to onset of Petitioner's injury." ECF No. 35. Respondent subsequently filed a Rule 4(c) Report on June 27, 2019. ECF No. 37. On that same date, Petitioner filed additional medical records. ECF No. 38.

In a Scheduling Order filed July 17, 2019, former Chief Special Master Nora Beth Dorsey (who was presiding over the case at the time) reported that she had reviewed the record and determined that an onset hearing was not necessary. ECF No. 41. She also noted that because this ruling relates to a discrete factual issue, party briefs were not necessary. *Id*. The parties were allowed the opportunity to submit additional evidence relevant to onset, and Petitioner was instructed to file a supplemental affidavit. *Id*. Pursuant to the scheduling order, Petitioner subsequently submitted additional records and a supplemental affidavit on September 26 and September 27, 2019. ECF Nos. 43-44.

## II.  Issue

At issue is whether Petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and Aids to Interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

## III.  Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act

§ 11(c)(1). A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id*.

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.     Finding of Fact

I make the findings in this ruling after a complete review of the record, including all medical records, affidavits, Respondent's Rule 4 Report, and additional evidence filed. Specifically, I base the finding on the following evidence:

- Ms. Corter received an influenza vaccine in her left deltoid on September 26, 2016. Ex. 1; Ex. 2 at 2, 28.

- Petitioner did not have a history of left shoulder pain or injury. ECF No. 37.

- Petitioner reports that following the vaccination, her arm "became sore right away." Ex. 6. In her supplemental affidavit, Petitioner noted that her shoulder "started to ache immediately with the injection itself." Ex. 43.

- At a visit with her primary care physician (PCP) on November 8, 2016, Petitioner complained of left shoulder pain "due to recent immunization injection." Ex. 2 at 64.

- On January 6, 2017, Petitioner reported to her PCP she had been having local tenderness and persistent discomfort over the lateral left arm area "after having had flu vaccination." Ex. 2 at 109, 113. Physical examination revealed tenderness over the lateral aspect of the left shoulder and the PCP referred Petitioner to physical therapy. *Id*.

- Petitioner attended a physical therapy session on January 16, 2017, at which time she reported that her arm had been sore "ever since" receiving the flu vaccination on September 26, 2016. Ex. 3 at 3.

3

- On July 3, 2017, Petitioner presented to Dr. Michael Comstock, an orthopedic surgeon, at which time she reported acute discomfort in the "left shoulder upper arm region" after her September 26, 2016 flu vaccination. Ex. 5 at 4. Dr. Comstock noted that "given the time course of her pain post-injection, it is certainly possible that some of the injection reached the subacromial/subdeltoid bursa." *Id*. at 8.

- At a physical therapy visit on October 9, 2018, Petitioner reported left shoulder pain "due to a flu shot 2 years ago." Ex. 13 at 7.

- In an affidavit dated November 9, 2017, Petitioner reported that after her flu shot on September 26, 2016, "[her] arm became very sore almost right away." Ex. 6 at 1.

- In a supplemental affidavit dated September 26, 2019, Petitioner reported that after her flu vaccination on September 26, 2016, her left arm and shoulder started to ache "immediately" and "within an hour, [it] was so sore that it hurt to move [her] arm." Ex. 17 at 1. She also reported that "over the next couple days, the pain continued to get worse, not better." *Id*.

- Maxwell Wlodarczak, Petitioner's son, submitted a declaration dated September 26, 2019, in which he reported a telephone conversation with his mother where she complained pain and stiffness in her shoulder days after receiving a flu shot. Ex. 18 at 1.

The affidavits of Petitioner and the declaration of her witness are consistent with the medical evidence; therefore, I find the information contained therein credible. As such, I find preponderant evidence that petitioner's manifestation of onset after influenza vaccine administration occurred within 48 hours of September 26, 2016.

## V. Scheduling Order

Given my findings of fact regarding the onset of Petitioner's pain, Respondent should evaluate and provide his current position regarding the merits of petitioner's case.

**Accordingly, Respondent shall file, by no later than Monday, December 2, 2019, an amended Rule 4 Report reflecting Respondent's position in light of the above fact finding.**


**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
