# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1961V
UNPUBLISHED

| | |
|---|---|
| MARA CORTER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 15, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Summer Pope Abel*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On December 15, 2017, Mara Corter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration (SIRVA) resulting from the adverse effects of an influenza vaccination she received on September 26, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 5, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a left SIRVA. On October 7, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,552.58. Proffer at 2. Specifically, Respondent proffers that Petitioner should be awarded $65,000.00 in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

actual and projected pain and suffering[3] and $552.58 in past unreimbursable expenses. *Id*. at 1-2. Respondent also represents that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $65,552.58 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] This amount reflects that the award for projected pain and suffering has been reduced to net present value. ECF 60 at 2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| MARA CORTER,                ) | |
|                             ) | |
| Petitioner,                 ) | |
|                             ) | No. 17-1961V |
| v.                          ) | Chief Special Master Corcoran |
|                             ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES,                   ) | |
|                             ) | |
| Respondent.                 ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 21, 2020, the Chief Special Master issued Findings of Fact that "the onset of Petitioner's SIRVA occurred within 48 hours of vaccination." ECF No 51 at 2. On June 3, 2020, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact that the onset of petitioner's left arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 53 at 2-3, 9. Thereafter, on June 5, 2020, Chief Special Master Corcoran entered a Ruling on Entitlement, finding petitioner, Mara Corter, entitled to Vaccine Act compensation for her Table SIRVA injury. ECF No. 54.

**I.     Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, Mara Corter should be awarded $65,000.00 in actual and projected

pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents Mara Corter's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded past unreimbursable expenses in the amount of $552.58, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.[1]

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Mara Corter should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $65,552.58, representing compensation for pain and suffering ($65,000.00), and past unreimbursable expenses ($552.58), in the form of a check payable to petitioner, Mara Corter.

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 5, 2020 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Mara Corter: **$65,552.58**

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  October 7, 2020